UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Michael G. Mulden
    Plaintiff,

v.    10-3057

Larry J. Phillips, et al.,
    Defendants.

MEMORANDUM OPINION AND ORDER

Before the court are the defendants' unopposed summary judgment motions [23] and [25].

Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2000). "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(c). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e). Further, "[t]he plaintiff cannot merely allege the existence of a factual dispute to defeat summary judgment …. Instead, he must supply evidence sufficient to allow a jury to render a verdict in his favor." *Basith v. Cook County*, 241 F.3d 919, 926 (7th Cir. 2001). Specifically, the non-moving party "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Filipovic v. K&R Express Systems, Inc.*, 176 F.3d 390, 390 (7th Cir. 1999). Failure by the

non-movant to meet all of the above requirements subjects him to summary judgment on his claims.

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(c)(4) (emphasis added). Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659. It is also well settled that "conclusory allegations and self-serving affidavits, if not supported by the record, will not preclude summary judgment. Keri v. Barod of Trustees of Purdue University, 458 F.3d 620, 628 (7th Cir.2006)(*citing Haywood v. N. Am. Van Lines, Inc.,* 121 F.3d 1066, 1071 (7th Cir.1997).

## Background

Plaintiff is a resident who is in the custody of the Illinois Department of Human Services ("DHS") at the Rushville Treatment and Detention Facility ("Rushville"). Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983, alleging that his First Amendment rights were violated due to the confiscation of some of his photographs. Defendants seek summary judgment in their favor because they were not personally involved in the acts at issue in Plaintiff's complaint.

## Defendant Parker's Facts

1. Defendant is employed at Rushville as a Security Therapy Aide ("STA") IV.
2. Plaintiff was civilly committed to Rushville on May 21, 2009. (Def's Exhibit A, Deposition of Michael Mulder, at 9).
3. On the same day Plaintiff arrived at Rushville, a photograph policy was circulated around the facility. (Def's Exhibit B, Photo Policy Memorandum dated May 21, 2009). Residents are only allowed to possess photographs and drawings that meet certain criteria. Pictures may be confiscated by security staff for review by the treatment team. (Def's Ex. B).
4. On December 4, 2009, Plaintiff received a photograph through the mail from a pen pal who was in a New Jersey federal penitentiary. (Def's Ex. A at 13).
5. The photograph was confiscated after Plaintiff opened the mail to be given to his primary therapist. (Def's Exhibit C, Shakedown Record dated December 4, 2009).
6. At some point, the picture was determined to be inappropriate by the treatment team. (Def's Ex. A at 37; Def's Ex. C).
7. The initials K.P. are written next to the statements "Refused to sign" and "Disposed of." (Def's Ex. C). The notes were written by Defendant Parker.
8. "Refused to sign" means that Plaintiff "refused to sign a form allowing them to destroy or for them to give [him] the picture to send out." (Def's Ex. A at 35).
9. Plaintiff acknowledges that Defendant destroyed the photograph "[b]ecause the treatment team said it was inappropriate." (Def's Ex. A at 37).
10. Two to four days after he received the photograph from his pen pal, Plaintiff received 8 photographs in the mail from his aunt, Cathy Boon. (Def's Ex. A at 10, 13). Plaintiff

believes he received the 8 photographs somewhere between December 7 and December 9, 2009. (Def's Ex. A, p. 41).
11. Those photographs were confiscated by either STA Dees or STA Ergoth. (Def's Ex. A at 28).
12. Plaintiff did not receive a shakedown slip for the 8 photographs that were confiscated. (Def's Ex. A at 46). Plaintiff does not know whether the treatment team ever received those photos, he only assumes that they received them. (Def's Ex. A at 61).
13. Defendant Parker would not determine whether Plaintiff's photographs were appropriate or not. (Def's Ex. A at 92).
14. Defendant was not present in the room when Plaintiff's received the 8 photographs and they were confiscated. (Def's Ex. A at 92).
15. Plaintiff included Defendant in this lawsuit because he assumed she assisted in destroying the 8 photographs. (Def's Ex. A at 92).
16. There are no documents that show Defendant Parker disposed of Plaintiff's 8 photographs. (Def's Ex. A at 93). Plaintiff does not know if anyone ever destroyed the 8 photographs he received from his aunt. (Def's Ex. A at 93).
17. The 8 photographs Plaintiff received from his aunt are the ones at issue in this suit. (Def's Ex. A at 79).
18. Plaintiff has no knowledge that Defendant Dr. Schostak has ever seen the eight family photographs. (Exhibit A, page 67, lines 8-12)
19. Dr. Schostak did not tell the Plaintiff that the Plaintiff could not have the photos or that they had been previously approved. The Plaintiff had just assumed those matters to be true. (Exhibit A, page 67, lines 13-17)
20. Plaintiff has no personal or other knowledge that Dr. Schostak ever saw the photographs or have any knowledge of where they are. (Exhibit A, page 71, lines 14-18)
21. Dr. Schostak told the Plaintiff that he had never seen the photographs and did not know what the Plaintiff was talking about. (Exhibit A, page 72, lines 12-20)

Conclusion

Based on the facts presented to this court, Defendants Parker and Dr. Schostak are entitled to summary judgment because neither were personally involved in a constitutional deprivation. 42 U.S.C. § 1983. Liability under § 1983 arises only when a plaintiff can show that a defendant was "personally responsible for a deprivation of a constitutional right." *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996). The facts before this court conclusively establishes either Defendant was personally involved in a constitutional violation. They are entitled to summary judgment.

**It is therefore ordered:**

1. The defendants' motion for summary judgment are granted [23] and [25]. The clerk of the court is directed to enter judgment in favor of the defendant and against the plaintiff. This case is terminated, in its entirety, with the parties to bear their own costs.
2. If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present

on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal.

Enter this 21st Day of September 2011.

                                **\s\Harold A. Baker**
                          _____
                                    Harold A. Baker
                              United States District Court